IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKY SWEET,

    Petitioner,

vs.

                                              CASE NO. 4:07cv295-SPM/WCS

WALTER A. McNEIL,[1]

    Respondent.

    _____/

## FIRST REPORT AND RECOMMENDATION

This is an amended petition for writ of habeas corpus filed by Ricky Sweet pursuant to 28 U.S.C. § 2254. Doc. 8. Petitioner challenges his convictions for burglary of a structure with a person assaulted and battered, and battery, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number R02-2155AF. Respondent filed an amended answer, doc. 15, and Petitioner filed a traverse, doc. 17. Respondent agrees that the petition was timely filed. Doc. 15, p. 8.

---

[1] Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. FED. R. CIV. P. 25(d).

The state record was filed in paper form as an attachment to the original response, doc. 10. This report and recommendation will refer to the state record by exhibit letter and page number.

**Ground one**

Petitioner asserts that he was denied due process during his trial by several comments and arguments made by the prosecutor. Doc. 8, pp. 3-5. Petitioner makes four factual allegations in support of this claim in this court.[2]

Respondent argues that since this due process claim was not fairly presented to the state courts because it was not raised on direct appeal, and that was the proper way to present the claim.[3] Doc. 15, pp. 12-14. Respondent argues that although the trial court addressed the merits of the claim when it decided the Rule 3.850 motion, it did so after finding that the claim should have been raised on direct appeal. *Id.*, pp. 12-13.

---

[2] The specifics need not be set forth here because Respondent has not responded to the merits. These four allegations were a part of ground 24 in Petitioner's Rule 3.850 motion. There were many others in the Rule 3.850 motion that have not been presented in this court. Ground 24 in the Third Amended Rule 3.850 motion is 55 pages long. Ex. H, R. 553-607.

[3] "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard). If a claim was not fairly presented but is procedurally barred from further state court review, Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

When a state court's decision rests on an independent and adequate state procedural ground, the federal courts will not address the alleged constitutional violation. Coleman v. Thompson, *supra*, note 3, 501 U.S. at 729, 111 S.Ct. at 2554.

> After *Harris*,[4] federal courts on habeas corpus review of state prisoner claims, like this Court on direct review of state court judgments, will presume that there is no independent and adequate state ground for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, *and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion*." In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest *primarily on resolution of those claims*, or to be interwoven with those claims, *and did not clearly and expressly rely on an independent and adequate state ground*, a federal court may address the petition.

501 U.S. at 734-735, 111 S.Ct. at 2557 (emphasis added, citations omitted).

> [I]f a state court opinion is ambiguous about which of two grounds it relied upon, the federal courts must presume that the state court reached the merits. The Court [in *Harris*], however, recognized that in some cases the state courts will discuss the merits as an alternative holding. The Court held that, in those cases, the federal courts should defer to the procedural bar. But a state court's discussion of the merits is "an alternative holding" only if, after reading the opinion as a whole, the federal court concludes that the state court " 'clearly and expressly' state[d] that its judgment rest[ed] on a state procedural bar."

Heath v. Jones, 941 F.2d 1126, 1137 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992) (quoting Harris, citations omitted).

In its ruling on this claim as presented in the Rule 3.850 motion, the state court said:

> Ground 24 just says, Numerous Instances of Prosecutorial Misconduct. I don't find that there was prosecutorial misconduct in this case. That motion will be denied. It's probably not a matter properly preserved for a 3.850. That was a direct appeal issue.

---

[4] Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

Ex. M, transcript of the Rule 3.850 evidentiary hearing, p. 140.

Thus, although the court mentioned the *probable* procedural bar, it did not plainly rest its decision upon the state procedural bar. It would be a different circumstance had the court not used the word "probably," but it did not. The court did not clearly rely upon procedural bar as an alternative holding. Consequently, this aspect of Respondent's procedural bar argument is without merit.

Respondent also argues that Petitioner did not present a federal due process claim in his Third Amended Rule 3.850 motion, and hence, did not fairly present his federal claim to the state court. Doc. 15, pp. 14-19. This is not persuasive either. In his summation of ground 24, the first case cited by Petitioner was United States v. Modica, 663 F.2d 1173 (2nd Cir. 1981), *cert. denied*, 456 U.S. 989 (1982). Ex. H, R. 602. In that federal criminal case, the defendant argued on direct appeal that the prosecutor had engaged in misconduct in his statements to the jury. 663 F.2d at 1174. After finding that a number of improper comments had been made, the court turned to the question of prejudice. The court said that the appellant there, just as Petitioner here, "asserts that the cumulative effect of the improper statements was to deny him a fair trial." 773 F.2d at 1181. The court said:

> A prosecutor's improper summation results in a denial of *due process* when the improper statements cause substantial prejudice to the defendant. Often, the existence of substantial prejudice turns upon the strength of the government's case: if proof of guilt is strong, then the prejudicial effect of the comments tends to be deemed insubstantial; if proof of guilt is weak, then improper statements are more likely to result in reversal. More comprehensively, however, determining the existence of substantial prejudice involves three factors: the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements.

*Id.* (citations omitted, emphasis added).  This is plainly a federal claim.

After citing Modica, which described this as a due process issue, Petitioner argued that "the improprieties reached the critical mass of fundamental error."  Ex. H, R. 603-604.  He argued that the burden was on the State to prove "beyond a reasonable doubt, that the improprieties did not affect the verdict."  *Id.*, R. 605.  This is the harmless error standard when constitutional error has been shown.  Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).  Chapman, held that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."  386 U.S. at 24, 87 S.Ct. at 828.  Petitioner also argued that the error was not harmless, given the weakness of the evidence.  Ex. H, R. 605.  Petitioner concluded that the prosecutorial misconduct "operated to deny Mr. Sweet a fair trial and is the equivalent of a denial of due process."  *Id.*, R. 607.  The federal due process claim was fairly presented to the state court.

Thus, Respondent's second procedural argument is without merit.  The court should so find, order Respondent to file a response to ground one on the merits, and remand to me for consideration of the merits of this claim.

 **Ground two**

Petitioner contends that his trial attorney was ineffective because he did not argue that the charges of burglary with an assault or battery (count one) and simple battery (count two) subjected him to double jeopardy.  Doc. 8, p. 6.

Respondent notes that if there is a double jeopardy violation, the relief to be granted is to vacate the lesser conviction and sentence.  This is true.  Williams v. Singletary, 78  F.3d 1510, 1517 (11th Cir.), *cert. denied*, 519 U.S. 887 (1996) (citing

Florida cases).  Petitioner received a concurrent sentence of 205 days in jail for the simple battery, and completed that sentence on February 3, 2004.  Doc. 15, p. 20. Respondent argues that since the sentence has been served, the court "cannot grant any relief on this claim, [and] it does not present a 'case or controversy.' " *Id.*

The Article III "case or controversy" defense is without merit.  The battery conviction is still on Petitioner's record.  Even though he is serving a life sentence for the first conviction, he may suffer adverse consequences from the simple battery conviction in the future.  This is enough to give rise to Article III jurisdiction.  See United States v. Grimes, 641 F.2d 96 (3rd Cir.1981):

> This [that the sentences were concurrent] does not moot Ali's double jeopardy attack on the bank robbery conviction and sentence.  Noting that most criminal convictions do in fact entail adverse collateral consequences, the Supreme Court has stated that the "existence of concurrent sentences does not remove the elements necessary to create a justiciable case or controversy."  *Benton v. Maryland*, 395 U.S. 784, 790, 89 S.Ct. 2056, 2060, 23 L.Ed.2d 707 (1969).  The Court cited the use of outstanding convictions in later recidivism prosecutions or in impeaching defendant's testimony at other trials as possible negative consequences.  Present law on the concurrent sentence doctrine does, of course, permit courts in the exercise of their discretion, to decline to reach issues not mooted by the existence of concurrent sentences. *See Barnes v. United States*, 412 U.S. 837, 848 n.16, 93 S.Ct. 2357, 2364, n.16, 37 L.Ed.2d 380 (1973).  *Cf. Mariscal v. United States*, 449 U.S. 405, 101 S.Ct. 909, 66 L.Ed.2d 616 (1981) (remand for reconsideration of applicability of "concurrent sentence" doctrine to conviction conceded by United States to be erroneous).

641 F.2d at 97 n.2.

Respondent also argues that Petitioner is not in custody on the battery conviction, and that habeas relief cannot now extend to that offense.  The "in custody" question is separate from the Article III question.  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of a conviction are not

themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 1296, 104 L.Ed.2d 540 (1989). The "in custody" requirement for a habeas petition is necessary for the subject matter jurisdiction of the court. Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001).

"[A] prisoner serving *consecutive* sentences is 'in custody' under any one of them" for purposes of filing a petition for writ of habeas corpus. Garlotte v. Fordice, 515 U.S. 39, 45-46, 115 S.Ct. 1948, 1952, 132 L.Ed.2d 36 (1995) (emphasis added) (challenge to the first sentence even though presumably served), *quoting*, Peyton v. Rowe, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968) (challenge to the second sentence which is yet to be served). Petitioner here, however, was sentenced to concurrent prison sentences, and the reasoning of Garlotte does not apply. Several cases, cited here for the persuasive reasoning, have so held. Wright v. United States, 116 F.3d 488, 1997 WL 306412, *1 (9th Cir. 1997) (unpublished, No. 95-35922); Conley v. Quarterman, 2008 WL 1776449, *2 and n. 2 (N.D. Tex. Apr. 14, 2008) (No. 3:07-cv-1743-K); Eller v. Brock, 2003 WL 87417, *5 (E.D. Mich. Jan. 7, 2003) (No. 00-10095-BC).

To prove this ineffectiveness claim, Petitioner must show both deficient performance of his trial attorney and prejudice to the outcome. Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). To show prejudice to the outcome, Petitioner must show that his double jeopardy claim is valid. The remedy would be to grant the writ to cause the simple battery conviction to be vacated. Williams v. Singletary, *supra*. Consequently, this

ineffective assistance claim is a direct challenge to the simple battery conviction. The court lacks subject matter jurisdiction of this claim because Petitioner is no longer in custody on the simple battery conviction. For these reasons, the court should find that it lacks subject matter jurisdiction to consider ground two.

**Ground three**

Petitioner asserts that his trial attorney was ineffective for failing to assert his speedy trial right. Doc. 8, p. 6. Respondent addresses the merits of this claim. Doc. 15, pp. 22-28. The court should defer ruling upon ground three and consider the merits of grounds one and three at the same time.

**Conclusion**

Accordingly, it is **RECOMMENDED** that the court **DISMISS** ground two for lack of subject matter jurisdiction, **DENY** Respondent's procedural default defense as to ground one, **ORDER** that Respondent file a response on the merits as to ground one within 30 days from the date that order adopting this report and recommendation is entered on the docket, **ORDER** that Petitioner be permitted to file a reply within 30 days from the date of service of Respondent's response, and **REMAND** for consideration of the merits of grounds one and three.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2008.


                                    s/    William C. Sherrill, Jr.
                                    **WILLIAM C. SHERRILL, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Case No. 4:07cv295-SPM/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**